IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIM. NO. JKB-20-0385 |
| RONALD GREEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Ronald Green's Motion, which the Court construes as a Motion to appoint counsel and for relief pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (ECF No. 210.) The Court will deny the Motion.

Amendment 821, which was given retroactive effect, is a multi-part amendment. As is relevant here, Part B to Amendment 821 provides a mechanism for certain zero-point offenders (criminal defendants with no criminal history points) to obtain a two-level reduction of their offense level. U.S.S.G. § 4C1.1. Mr. Green received no criminal history points. (ECF No. 125 ¶ 39.) However, to obtain this two-level reduction, a defendant must meet several criteria, one of which is "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1.

Mr. Green does not meet this requirement. Mr. Green pleaded guilty to conspiracy to distribute fentanyl in violation of 21 U.S.C. § 846. (ECF No. 108 at 1.) The base offense level was 32, and was increased by two levels pursuant to U.S.S.G. § 2D1.1(b) because a firearm was possessed as part of and in furtherance of the conspiracy. (ECF No. 125 ¶ 22.) Given that a firearm was possessed as part of and in furtherance of the conspiracy to which Mr. Green pleaded guilty,

he cannot avail himself of Part B to Amendment 821. *See, e.g., United States v. Johnson*, Crim. No. 2:22-129-01, 2024 WL 898910, at *2 (S.D.W.Va. Mar. 1, 2024) ("At sentencing, [the defendant] received a two-level increase, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a dangerous weapon . . . Because [the defendant] possessed a firearm or dangerous weapon in connection with the offense, she fails to meet the criterion set out in U.S.S.G. § 4C1.1(a)(7) and is ineligible for the two-level outlined in § 4C1.1(a).").

Given these circumstances, it is not in the interests of justice to appoint Mr. Green counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2024 WL 713903, at *1 (D. Md. Feb. 21, 2024) ("[T]he Court has discretion to appoint counsel in post-conviction proceedings if the interests of justice so require.").

Accordingly, it is ORDERED that Mr. Green's Motion (ECF No. 210) is DENIED.

DATED this **28** day of August, 2024.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge